IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRANCE ARNEZ LAMBERT,                                                      PETITIONER
ADC#108321

v.                                          5:12CV00376-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  BACKGROUND

On January 26, 2011, Mr. Lambert entered into a negotiated plea of guilty to domestic battery in the first degree, battery in the second degree, and terroristic threatening in the second degree. (Doc. No. 9-1.) He was sentenced to ninety-six (96) months in the Arkansas Department of Correction.

Because Mr. Lambert pled guilty to all three charges, he had no right to file a direct appeal. (Doc. No. 9-1.) But he later filed a Rule 37 petition to correct an illegal sentence with the Sebastian County Circuit Court. (Doc. No. 2 at 13.) The petition was denied on May 21, 2011, and no appeal was taken. (*Id.*) Mr. Lambert then filed a state petition for habeas corpus in the Lee County Circuit Court and that petition was denied without a hearing on June 13, 2011, but this time he appealed. (Doc. No. 2 at 15-20.) The Arkansas Supreme Court of Arkansas summarily dismissed his appeal on August 14, 2012. (Doc. No. 2 at 23.)

Mr. Lambert filed the instant Petition for Writ of Habeas Corpus on October 2, 2012. (Doc. No. 2.) He claims his sentence is illegal and that he was denied effective assistance of counsel and the right to a fair trial. (Doc. No. 2 at 1-5.) Mr. Lambert argues that his trial attorney misinformed him of his parole eligibility and. as a result, he was denied the right to effective counsel and the right

to a fair trial. (Doc. No. 2 at 3-5.)

## II.     ANALYSIS

Respondent argues that the Petition should be dismissed as time barred. (Doc. No. 9.) Title 28 U.S.C. § 2244 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writs of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds that the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Mr. Lambert's case, this date is January 31, 2011 - the date his judgment and commitment order were filed in the Circuit Court of Sebastian County, Arkansas. (Doc. No. 9-1.)

Mr. Lambert had until January 31, 2012, to timely file his federal habeas Petition. But he filed it on October 2, 2012, nearly ten months outside the limitations period. And no time tolled while he adjudicated his Rule 37 and state habeas petitions because they were filed after the limitations period had already expired.

A petitioner may prove equitable tolling of the one-year statute of limitations if he shows that he has been diligently pursuing his rights, or if he can show that some extraordinary circumstance prevented him from otherwise filing his petition on time. *Holland v. Florida*, 560 U.S. 631 (2010). Mr. Lambert states he should be excused because he lacked legal knowledge about postconviction appeal procedures. (Doc. No. 2 at 3.) But the lack of legal knowledge or confusion does not constitute an extraordinary circumstance under the law. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Thus, Mr. Lambert is not entitled to equitable tolling in this case.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability

should be issued.

**IV.     CONCLUSION**

    IT IS, THEREFORE, RECOMMENDED that:

    1.    The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

    2.    A certificate of appealability should not be issued.

    3.    Any pending motions are rendered moot.

SO ORDERED this 10th day of October, 2013.

                                                  _____
                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE