IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRANCE ARNEZ LAMBERT,                                                                         PETITIONER
ADC#108321

v.                                          No. 5:12CV00376 JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                               RESPONDENT

## ORDER

Terrance Arnez Lambert has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. United States Magistrate Judge Joe J. Volpe has recommended that the Court dismiss the petition as time-barred. Lambert has responded and objects to the recommendation. Upon a *de novo* review, the Court adopts the recommendation with this additional explanation as to why Lambert's petition is time-barred.

Title 28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Lambert does not contend that the State has prevented him from filing an application created by state action, that he is asserting a newly-recognized constitutional right, or that the factual predicate of his claims could not have been discovered earlier. Consequently, the issue is whether section 2254 petition was filed within one year from the date on which the judgment became final by conclusion of direct review or expiration of the time for seeking such review.

As Judge Volpe noted, the judgment and commitment order in Lambert's case was entered on January 31, 2011. Lambert did not appeal. Under Arkansas law, he did not have the right to file a direct appeal from a guilty plea. *Matthews v. State*, 305 Ark. 207, 208, 807 S.W.2d 29, 30 (1991). He did have the right, however, to file a petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Although the State argues that Lambert never filed a Rule 37 petition, Lambert attached to his section 2254 petition a copy of the State's response to his Rule 37 petition and a copy of the order denying that petition. *See* Document #2 at 10, 13. The order denying Lambert's Rule 37 petition was entered on May 31, 2011. Again, Lambert did not appeal.

Although Lambert did not appeal, he did subsequently file a habeas corpus petition in the Circuit Court of Lee County, Arkansas. That petition was denied, and this time he did appeal. The Supreme Court of Arkansas dismissed the habeas petition for two reasons. First, Lambert's habeas petition was in substance a petition for relief under Rule 37, but Rule 37 bars second or subsequent petitions. Document #2 at 22. Second, even if Lambert's petition were considered as a habeas petition, it was untimely. Document #2 at 23.

2

Lambert's Rule 37 petition is not part of the record in this Court, so the Court does not know when it was filed. For purposes of section 2244(d)(2), the Court will assume that Lambert's Rule 37 petition was filed on the day after the entry of his judgment and commitment order. If so, the time between January 31, 2011, and May 31, 2011, when the order was entered denying his Rule 37 petition, would not count toward the period of limitation. Lambert's subsequent habeas corpus petition was not a properly-filed application for State post-conviction or other collateral review as the Arkansas Supreme Court held in dismissing it. *See Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (explaining that the Arkansas Supreme Court's determination that a motion for post-conviction relief was invalid is the end of the matter; such a motion is not properly filed and does not toll the period of limitations). Because Lambert's habeas petition was not properly filed and does not toll the period of limitations, the one-year period of limitations within which Lambert could file a section 2254 proceeding began no later than May 31, 2011, when his Rule 37 petition was dismissed.

Lambert's section 2254 petition includes a declaration that he placed it in the prison mailing system on September 21, 2012. Pursuant to the prison mailbox rule, his petition was deemed filed on that date. That date is more than three months past the deadline for filing his petition under section 2244(d)(2).

Section 2244(d) is subject not only to statutory tolling but also to equitable tolling. *Id*. A petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 892-93. Lambert does not argue that he is entitled to equitable tolling. Nor has he shown that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Id*. at 892-93. Thus, Lambert has failed to show any basis for tolling the period of limitations.

Therefore, as Judge Volpe recommended the Court find, Lambert's section 2254 petition is denied as untimely. For the reasons stated in Judge Volpe's proposed findings and recommended disposition, no certificate of appealability will issue.

IT IS SO ORDERED this 4th day of November, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE